Filed 6/6/13  P. v. Pena CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEVEN PEÑA,<br><br>    Defendant and Appellant. | F064898<br><br>(Super. Ct. Nos. BF140273A,<br>BF140363A)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Gomes, Acting P.J., Poochigian, J. and Franson, J.

Following the denial of his motion to appoint substitute counsel, appellant, Steven Peña, pursuant to a plea agreement covering Kern County Superior Court case Nos. BF140273A (first case) and BF140363A (second case), pled no contest to the following offenses: in the first case, attempted second degree robbery (Pen. Code, §§ 215, subd. (c), 664;[1] count 2), possession of a firearm by a felon (former § 12021, subd. (a)(1); count 5); resisting, delaying or obstructing a peace officer (§ 148, subd. (a)(1); count 6) and misdemeanor active participation in a criminal street gang (§ 186.22, subd. (a); count 7), and in the second case, unlawful driving or taking of a motor vehicle (Veh. Code, § 10851, subd. (a)). Also pursuant to the plea agreement, in the first case appellant admitted an enhancement allegation that he was armed in the commission of the count 2 offense (§ 12022, subd. (a)(1)) and an alternate penalty provision allegation that he committed the count 6 offense for the benefit of, at the direction of, or in association with, a criminal street gang, with the specific intent to promote, further or assist in criminal conduct by gang members (§ 186.22, subd. (d)).

The court imposed the agreed upon sentence of five years, consisting of four years four months in the second case—two years on the count 2 substantive offense, one year on the accompanying arming enhancement, eight months on each of counts 5 and 6, and a concurrent county jail term of 149 days on count 7—and eight months on the single offense in the first case.

Insofar as the record reveals, appellant did not request, and the court did not issue, a certificate of probable cause (§ 1237.5).

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d. 436.)

---

[1] Except as otherwise indicated, all statutory references are to the Penal Code.

Appellant has not responded to this court's invitation to submit additional briefing. We affirm.

## FACTS

*First Case*

The report of the probation officer (RPO) indicates the following, based on information set forth in a Bakersfield Police Department report:

On December 23, 2011, officers, responding to a report of an attempted armed robbery, made contact with Joyner Santos, who told the officers the following: He and another person "were in their vehicle" when an "armed subject" approached and "yelled, 'Give me all your shit,'" while hitting the top of the front passenger door of the vehicle." Santos "was able to start the vehicle" at which time the would-be robber got into another vehicle and drove away.

Police found a cellular phone at the scene, near where the escape vehicle had been parked. On the phone, officers found a text message which stated, "'You want to go to jail or what? You need to stop.'" A "record check on the phone revealed it was used by [appellant]." Several days later, the officers contacted the author of the text message, Jamy Geloso, who said she was a friend of appellant's and that on December 22, 2011, at her house, appellant told her he "was going to 'rob some people.'" Several weeks later, officers went to Geloso's residence, where they "detained [appellant] without incident."

*Second Case*

The RPO indicates that according to a Kern County Sheriff's Department (KCSD), the following occurred on January 4, 2012: KCSD deputies, responding to a report of a vehicle theft in progress, made contact with Raul Zuniga and Tomas Carrasco, who were "surrounding" appellant. Carrasco told deputies the following: "[H]e had left his vehicle running and unattended in his driveway," and "[w]hen he came outside," his vehicle was "in the middle of the roadway," near the front of his residence. Shortly thereafter, his neighbor, Zuniga, "returned to [the] residence and advised he was chasing [appellant]."

3

Carrasco and Zuniga "entered Zuniga's vehicle and eventually located [appellant] and attempted to detain him."

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.